UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHAD AARON VAN DIEST,<br><br>                  Petitioner,<br><br>   v.<br><br>JEFF UTTECHT,<br><br>                  Respondent. | NO: 11-CV-0464-TOR<br><br>ORDER DENYING WRIT OF HABEAS CORPUS |

BEFORE THE COURT is the Petition for Writ of Habeas Corpus. ECF No. 1. Respondent, Superintendent of Coyote Ridge Corrections Center, has answered the petition and filed relevant portions of the state court record. ECF No. 8, 9, 10. Petitioner is proceeding *pro se* and Respondent is represented by Assistant Attorney General Gregory J. Rosen. While this matter was heard without oral argument, the Court has reviewed the entire record, the parties' completed briefing and is fully informed. For the reasons discussed below, the Court denies the Petition for Writ of Habeas Corpus.

ORDER DENYING WRIT OF HABEAS CORPUS ~ 1

## BACKGROUND

At the time his petition was filed, petitioner was in custody at the Coyote Ridge Correction Center serving a sentence imposed from the Chelan County Superior Court for one count of residential burglary with sexual motivation and one count of luring. The underlying facts are not complicated:

> On October 20, 2008, Mr. Van Diest, age 28, contacted M.H., age 15, as she was walking after school. She ignored him because she did not know him or recognize him. Mr. Van Diest learned her name from another student and called to her. Mr. Van Diest said his name was Aaron, said he was 22 years old, and said he knew her brother. M.H. gave Mr. Van Diest her phone number. Mr. Van Diest was 28; his middle name was Aaron, but he goes by Chad; and although he knew M.H.'s brother, they were not on friendly terms. That evening, Mr. Van Diest called M.H. and asked her to sneak out of the house to meet him. He invited her to a party and suggested pitching a tent near her home. She declined. Mr. Van Diest called M.H. a couple more times that evening, but she did not answer.
>
> The next morning as M.H. was returning from her grandparents' trailer, she saw Mr. Van Diest inside the enclosed patio to her back porch. Mr. Van Diest put a hand on M.H.'s shoulder, led her outside, and asked her to skip school and spend the day with him. Mr. Van Diest grabbed M.H. on her bottom, pulled her into him, and tried to kiss her. M.H. testified Mr. Van Diest mentioned during this time, he had wanted to see her the night before but her father would not go to sleep. When M.H. went inside, she noticed some things had been moved about. And, Mr. Van Diest told M.H. it had thrilled him to be inside her house. This alarmed M.H.; it "creeped" her out. Report of Proceedings (RP) at 126. It concerned her parents as well.
>
> Tonya Luinstra, a school counselor, became aware of M.H.'s contacts with Mr. Van Diest and contacted the police. Deputy Sean Duke responded and twice interviewed M.H. Deputy Duke then arrested Mr. Van Diest.

In October 2008, Mr. Van Diest was charged with one count of residential burglary with sexual motivation and assault in the fourth degree. Amended charges added burglary in the first degree with sexual motivation, two counts of luring, and one count of stalking. At trial, the fourth degree assault charge was dismissed at the outset. *See State v. Van Diest*, Court of Appeals Cause No. 28369-1-III, at 1-3 (December 28, 2010); ECF No. 10, Exhibit 6 at 1-3.

In this Court, Petitioner raises one ground for relief. Petitioner claims that his double jeopardy rights were violated and has separated his argument into four parts. ECF No. 1 at 5, 19-29. He contends he was first found guilty of criminal trespassing and it is a violation of the Double Jeopardy Clause to also allow the jury to find him guilty of residential burglary. *Id*. at 24.

Respondent concedes that Petitioner has exhausted his claim by fairly presenting it to the Washington Supreme Court as a federal constitutional claim.

However, Respondent contends Petitioner failed to show that the state court decision was contrary to or was an objectively unreasonable application of clearly established Supreme Court precedent, or that the decision was an unreasonable determination of the facts in light of the evidence and thus, relief should be denied.

**DISCUSSION**

**1. EVIDENTIARY HEARING**

"[A]n evidentiary hearing is not required on issues that can be resolved by reference to the state court record." *Schriro v. Landrigan*, 550 U.S. 465, 474

(2007), *citing Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998) (evidentiary hearing is not required where the petition raises solely questions of law or where the issues may be resolved on the basis of the state court record). Indeed, review is limited to the record that was before the state court. *Cullen v. Pinholster*, 563 U.S. ––––, ––––, 131 S.Ct. 1388, 1398 (2011) ("[R]eview under [28 U.S.C.] § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits.... Because federal habeas is "a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal," the types of errors redressable under § 2254(d) should be apparent from the record. *Ryan v. Gonzales*, 133 S.Ct. 696, 708 (2013), *quoting Harrington v. Richter*, 562 U.S. ––––, ––––, 131 S.Ct. 770, 786 (2011). Moreover, Petitioner has not established the limited circumstances for entitlement to an evidentiary hearing pursuant to 28 U.S.C. § 2254(e)(2).

Accordingly, the Court rejects any suggestion for an evidentiary hearing.

**2. EXHAUSTION**

The federal courts are not to grant a writ of habeas corpus brought by a person in state custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." *Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir. 2008), citing 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement is "grounded in principles of comity" as it gives states "the

1  first opportunity to address and correct alleged violations of state prisoner's federal
2  rights." *Wooten*, 540 F.3d at 1023, *citing Coleman v. Thompson*, 501 U.S. 722,
3  731(1991).

4      A claim must be "fully and fairly" presented to the state's highest court so as
5  to give the state courts a fair opportunity to apply federal law to the facts.
6  *Anderson v. Harless*, 459 U.S. 4 (1982); *Picard v. Connor*, 404 U.S. 270, 276-78
7  (1971).   Each claim must be presented to the state's highest court based upon the
8  same federal legal theory and the same factual basis as the claim is subsequently
9  asserted in federal court.  *Hudson v. Rushen*, 686 F.2d 826, 829-30 (9th Cir. 1982),
10 *cert. denied*, 461 U.S. 916 (1983).

11     Here, Petitioner has "fully and fairly" presented his claim to the state's
12 highest court.  ECF No. 10, Exhibit 7, Petition for Supreme Court Review, at 3, 17-
13 18.

14 **3.   WHETHER THE STATE REASONABLY DENIED THE CLAIM**

15     Since the Washington Supreme Court denied review of the claim, the
16 Washington Court of Appeals decision is informative.  A federal court looks "to
17 the last reasoned decision of the state court as the basis of the state court's
18 judgment." *Merolillo v. Yates*, 663 F.3d 444, 453 (9th Cir. 2011) (citation omitted);
19 *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991) ("Where there has been one
20 reasoned state judgment rejecting a federal claim, later unexplained orders

ORDER DENYING WRIT OF HABEAS CORPUS ~ 5

upholding that judgment or rejecting the same claim rest upon the same ground.").

Under AEDPA, 28 U.S.C. § 2254(d)(1), a federal court may not grant a state prisoner's habeas application unless the relevant state-court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *Knowles v. Mirzayance*, 556 U.S. 111, 121 (2009).

Petitioner claims he was first found guilty of criminal trespassing and thereafter, during the same jury trial, was also found guilty of residential burglary, in violation of the Double Jeopardy Clause. ECF No. 1 at 24. Petitioner was charged by information with burglary in the first degree under Count I, residential burglary under Count II, and luring under Count III. *See* ECF No. 10, Exhibit 10, Jury Instructions, *State v. Van Diest*, Chelan County Superior Court No. 08-1-00635-5, at Instruction No. 2.

For count I the jury was instructed on the lesser included crime of criminal trespass in the first degree. *See id.*, Instruction No. 9. The jury found Petitioner not guilty of first degree burglary, but did find him guilty of the lesser included crime of criminal trespassing in the first degree and also found him guilty of residential burglary as charged in count II. ECF No. 10, Exhibit 12, Jury Verdict Forms. At sentencing, the prosecutor moved for and the court granted the dismissal of the trespassing charge to avoid a double jeopardy violation. ECF No.

10, Exhibit 16 at 9, 56, and 62. Petitioner was then only sentenced for one count of residential burglary with sexual motivation and one count of luring.

Here, the state appellate court applied the relevant state law and reasoned:

> "Both our federal and state constitutions protect persons from being twice put in jeopardy for the same offense." *State v. Turner*, 169 Wash.2d 448, 454, 238 P.3d 461, (2010); U.S. Const. amend. V; Const. art. I, § 9. This includes, "being (1) prosecuted a second time for the same offense after acquittal, (2) prosecuted a second time for the same offense after conviction, and (3) punished multiple times for the same offense." *State v. Linton*, 156 Wash.2d 777, 783, 132 P.3d 127 (2006).
>
> Alternative guilty findings for the same offense do not offend double jeopardy if the court does not reduce the defendant's lesser crime to judgment of conviction. *State v. Womac*, 160 Wash.2d 643, 659–60, 160 P.3d 40 (2007) (distinguishing *State v. Ward*, 125 Wash.App. 138, 104 P.3d 61 (2005)).
>
> Here, Mr. Van Diest was found guilty of criminal trespass and residential burglary based on the same conduct. Upon the State's motion, the court dismissed the criminal trespass charge. Without any authority, Mr. Van Diest argues because the verdict on criminal trespass occurred first, the residential burglary charge must be dismissed. Notably, "[w]hen two convictions violate double jeopardy principles, the proper remedy is to vacate the lesser conviction." *State v. League*, 167 Wash.2d 671, 672, 223 P.3d 493 (2009). Under these circumstances, no double jeopardy principle has been violated.

*See State v. Van Diest*, Court of Appeals Cause No. 28369-1-III, at 15-16 (December 28, 2010); ECF No. 10, Exhibit 6 at 15-16.

The starting point for cases subject to § 2254(d)(1) is to identify the "clearly established Federal law, as determined by the Supreme Court of the United States" that governs the habeas petitioner's claims. *Marshall v. Rodgers*, 133 S.Ct. 1446,

ORDER DENYING WRIT OF HABEAS CORPUS ~ 7

1449 (2013) (per curiam).

"[T]he Fifth Amendment guarantee against double jeopardy is enforceable against the States through the Fourteenth Amendment. That guarantee has been said to consist of three separate constitutional protections. It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction.  And it protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969) (footnotes omitted) (*overruled on other grounds by Alabama v. Smith*, 490 U.S. 794 (1989).

Generally, the Double Jeopardy Clause prohibits a State or the Federal Government from trying a defendant for a greater offense after it has convicted him of a lesser included offense. *Brown v. Ohio*, 432 U.S. 161, 168-169 (1977). "[O]ne convicted of the greater offense may not be subjected to a second prosecution on the lesser offense, since that would be the equivalent of two trials for 'the same offense.'" *Jeffers v. United States*, 432 U.S. 137, 150-51 (1977) (*citing Brown v. Ohio*, 432 U.S. at 168).  Whatever the sequence may be, the Fifth Amendment forbids successive prosecution and cumulative punishment for a greater and lesser included offense. *Brown v. Ohio*, 432 U.S. at 169.  The prohibition of twice placing the defendant in jeopardy can be resolved by holding only one trial. *See Jeffers v. United States*, 432 U.S. 137, 152, (1977) (defendant is

ORDER DENYING WRIT OF HABEAS CORPUS ~ 8

1  normally entitled to have charges on a greater and a lesser offense resolved in one
2  proceeding). That is precisely what occurred in this case, so there is no
3  constitutional violation for the state holding only one trial in this case.

4  The Fifth Amendment was designed to prevent an accused from running the
5  risk of "double punishment." *North Carolina v. Pearce*, 395 U.S. 711, 728-29,
6  (1969). But in this case two punishments were never imposed for the same crime
7  or a greater and lesser included crime. The court dismissed the criminal
8  trespassing charge and thus imposed no punishment for that crime.

9  The only remaining question is whether the state can properly elect for
10 which crime Petitioner should be punished, the greater crime of residential
11 burglary or the lesser included crime of criminal trespassing.

12 The Supreme Court of the United States was presented with a similar issue
13 in *Ball v. United States*, 470 U.S. 856 (1985). There, the Supreme Court
14 concluded that Congress did not intend to allow punishment for both illegally
15 "receiving" and illegally "possessing" a firearm. *Id.*, at 861-864. In light of that
16 conclusion, the Supreme Court held that "the only remedy consistent with the
17 congressional intent is for the District Court ... to exercise its discretion to vacate
18 one of the underlying convictions" as well as the concurrent sentence based upon
19 it. *Id.*, at 864 ("If, upon the trial, the district judge is satisfied that there is
20 sufficient proof to go to the jury on both counts, he should instruct the jury as to

ORDER DENYING WRIT OF HABEAS CORPUS ~ 9

the elements of each offense. Should the jury return guilty verdicts for each count, however, the district judge should enter judgment on only one of the statutory offenses."). Thus, when a jury convicts on both the greater and lesser included offenses, absent a clear indication by Congress that it intended to allow punishment for both offenses, the district court should enter a final judgment of conviction on the greater offense and vacate the conviction on the lesser offense. *United States v. Jose*, 425 F.3d 1237, 1247 (9th Cir. 2005) (*citing Rutledge v. United States,* 517 U.S. 292, 306 (1996) (endorsing this practice)).

The Washington State Appellate court identified the applicable federal constitutional principles and applied the correct corollary state precedent. That state precedent aligns with federal precedent.

The Court finds that the state court's rejection of Petitioner's claim was neither contrary to, nor involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, nor an unreasonable determination of the facts in light of the evidence that was presented in the state court proceeding. Thus, habeas relief is not warranted.

### 4. CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A COA may

1 issue only where a petitioner has made "a substantial showing of the denial of a

2 constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this

3 standard "by demonstrating that jurists of reason could disagree with the district

4 court's resolution of his constitutional claims or that jurists could conclude the

5 issues presented are adequate to deserve encouragement to proceed further."

6 *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

7     The Court concludes that Petitioner is not entitled to a COA because he has

8 not demonstrated that jurists of reason could disagree with the Court's resolution of

9 his constitutional claim or could conclude the issue presented deserves

10 encouragement to proceed further.

11     **ACCORDINGLY, IT IS ORDERED:**

12     1. Petitioner's Writ of Habeas Corpus, ECF No. 1, is **DENIED**.

13     2. Any appeal taken by Petitioner of this matter would not be taken in good

14        faith as he fails to make a substantial showing of the denial of a

15        constitutional right. Accordingly, a certificate of appealability is denied.

16     The District Court Executive is hereby directed to enter this Order and

17 Judgment accordingly, furnish copies to the parties, and **CLOSE** the file.

18     **DATED May** 6, 2013**.**



19

20                 THOMAS O. RICE
                 United States District Judge

ORDER DENYING WRIT OF HABEAS CORPUS ~ 11